IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                        CRIMINAL NO. 18-595 (JAG)

LEOCADIO VILLA-OVALLE,

Defendant.

**REPORT AND RECOMMENDATION**

Defendant Leocadio Villa-Ovalle was charged in a One Count Information and he agreed to plea guilty to the sole count of the Information. Count One of the Information charges Defendant with knowingly and unlawfully entering the United States at a place not designated by immigration officers as a lawful Port of Entry of the United States for entrance of immigrants into the United States. All in violation of Title 8, United States Code, Section 1325(a).

On September 14, 2018, Defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States v. Leocadio Villa-Ovalle
Criminal No. 18-595 (JAG)
Report and Recommendation
Page No. 2

ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charge contained in above-stated Count One of the Information, he was examined and verified as being correct that he had consulted with his counsel, AFPD Edwin Mora-Rolland, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not

<u>United States v. Leocadio Villa-Ovalle</u>
Criminal No. 18-595 (JAG)
Report and Recommendation
Page No. 3

to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the documents entitled "Plea Agreement In Accordance With Rule 11(c)(1)(A) & (B)" and "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

Defendant expressed his understanding of the maximum penalties prescribed by statute for the counts charged in the Information and to which he was pleading guilty.

---

[2] Defendant acknowledged discussing the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same. Defense counsel indicated he explained the content of the supplement and its consequences to Defendant.

United States v. Leocadio Villa-Ovalle
Criminal No. 18-595 (JAG)
Report and Recommendation
Page No. 4

---

The Defendant understands that the penalty for the above mentioned count is a term of imprisonment of not more than six (6) months; a term of supervised release of no more than one (1) year; and a fine not to exceed five thousand dollars ($5,000.00). *See* Title 18, United States Code, Section 3571(b)(6).

Defendant shall pay a special monetary assessment of ten dollars ($10.00), as required by Title 18, United States Code, Section 3013(a).

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The above-captioned parties' estimate and agreement appears on page three (3), paragraph seven (7) of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained. For Count One, the Base Offense Level is of Eight (8). A decrease of two (2) levels is agreed for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a). Accordingly, the Total Adjusted Offense Level is of Six (6) which yields an imprisonment range of zero (0) to six (6) months, assuming a Criminal History Category I; one (1) to seven (7) months, assuming a Criminal History Category II; two (2) to eight (8) months, assuming a Criminal History Category III; six (6) to twelve (12) months, assuming a Criminal History Category of IV; nine (9) to fifteen (15) months, assuming a Criminal History Category of V; and twelve (12) to eighteen (18) months, assuming a Criminal History Category of VI.

The parties do not stipulate any assessment as to Defendant's Criminal History

Category.

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the parties agree to jointly recommend a sentence within the corresponding guideline range, equal to an adjusted total offense level of 6, as to Count One of the Information, followed by a term of supervised release of one (1) year.

The United States and Defendant agree that no further adjustments or departures from the terms and conditions detailed in paragraphs seven (7) and eight (8) of the Agreement shall be sought by the parties. Moreover, Defendant agrees that he will not seek a sentence more lenient than the one detailed in paragraph eight (8) of the Agreement under any of the factors contained in Title 18, United States Code, Section 3553.

Upon sentencing, the Indictment in Cr. 18-172 (JAG) will be dismissed.

Pursuant to paragraph 20, Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon Defendant's immigration status with the United States, including, but not limited to, removal from the United States, denied citizenship, and denied admission to the United Sates in the future. *See* Fed. R. Crim. P. 11(b)(1)(O).

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant

<u>United States v. Leocadio Villa-Ovalle</u>
Criminal No. 18-595 (JAG)
Report and Recommendation
Page No. 6

acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the Government's submission. Defendant was also read and shown a written document entitled "Statement of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears.

Defendant acknowledged that the Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico, and the Defendant; it does not bind any other federal district, state or local authorities.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also

United States v. Leocadio Villa-Ovalle
Criminal No. 18-595 (JAG)
Report and Recommendation
Page No. 7

---

informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eleven (11) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant was read the Information in open court and indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 18-595 (JAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 18-595 (JAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for January 11, 2019 at 3:00pm before Honorable Jay A. García-Gregory, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 18th day of September of 2018.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE